# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20633
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALVIN THEOTIS SNOWDEN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-638-2

Before SMITH, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alvin Theotis Snowden appeals the sentence imposed following his convictions of aggravated bank robbery and brandishing a firearm in furtherance of a crime of violence. He argues that the district court improperly sentenced him as a career offender under U.S.S.G. § 4B1.1(a) and failed to consider adequately, as required under 18 U.S.C. § 3553(a)(6), the disparity between his sentence and those likely to be imposed against his co-defendants.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20633

As Snowden raised his arguments in the district court, we will review his sentence for procedural and substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 50-51 (2007). We will review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013).

The district court did not procedurally err by sentencing Snowden as a career offender. Snowden argues that his 1989 felony conviction for delivery of cocaine should not have counted under U.S.S.G. § 4A1.2(e) as a predicate offense for the career-offender enhancement because the Government failed to prove that his sentence for the offense was imposed within the 15 years preceding his commencement in 2012 of the instant offense or resulted in his incarceration during that 15-year period. However, the Government submitted documents indicating that Snowden's parole for his 1989 offense was revoked in 1993 and that Snowden's revocation sentence was not discharged until 1999. Thus, the Government made that showing. *See United States v. Ybarra*, 70 F.3d 362, 366-67 (5th Cir. 1995).

Moreover, the district court did not abuse its discretion in imposing Snowden's sentence. The district court heard Snowden's sentencing-disparity arguments, but concluded that a within-guidelines sentence was appropriate. There is no unwarranted disparity between Snowden's sentence and those of his three co-defendants because they, among other things, were not sentenced as career offenders. Snowden has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.